IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD E. ROBERSON, #R60232,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:20-cv-01147-SMY |
| ) | |
| **MORRISON,** ) | |
| **MOORE, AND** ) | |
| **OSTLUNDMEINER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Edward E. Roberson, an inmate in the custody of the Illinois Department of Corrections, filed a civil rights lawsuit in this district, *Roberson v. Lawrence, et al.*, SDIL case no. 3:19-cv-01188. Plaintiff's Complaint was dismissed for failure to state a claim for relief and he subsequently filed a First Amended Complaint. After screening the First Amended Complaint, the Court severed a number of Plaintiff's claims from the original case into separate actions ("Severance Order"). (Doc. 1). The following claims asserted in Counts 6, 7, 8, and 9 against Defendants Morrison, Moore, and Ostlundmeiner were severed into the instant lawsuit:

Count 6: Eighth Amendment claim of cruel and unusual punishment against Morrison for refusing to serve Roberson his kosher tray, threatening Roberson, shutting off the water to his cell, not issuing Roberson his mail, denying him showers, and directing other staff to mistreat him.

Count 7: Fourteenth Amendment due process claim against Morrison for depriving Roberson of his water supply and refusing to give him his dinner tray.

Count 8: Eighth Amendment claim of excessive force against Ostlundmeiner and Moore for closing Roberson's hand in the chuckhole door and against Moore for on April 9, 2020.

> Count 9: Fourteenth Amendment due process claim against Ostlundmeiner and Moore for refusing to seek medical assistance after injuring Roberson's hand in the chuckhole door and refusing to allow Roberson to talk with a white shirt when requested.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

The facts relevant to the claims in this case are adopted from the severance order (Doc. 4-5). On April 8, 2020, while Roberson was housed in the segregation unit, Correctional Officer Morrison gave him a hard tray rather than his approved religious kosher diet tray served in Styrofoam. Morrison had previously served Roberson the wrong meal several times. Roberson informed Morrison that he is approved for a kosher tray, and Morrison responded, "you will take whatever I give you." Roberson told Morrison that he would file grievances. Morrison responded that if Roberson threatened him, he would make Roberson's time in segregation hell. Morrison also said he would not feed Roberson, give Roberson his mail, let him out of the cell for anything, and that "if someone [died in Roberson's family he] won't find out." Morrison then shut off the water supply to Roberson's cell.

The next morning, Roberson asked Correctional Officer Moore to turn the water back on but Moore refused because he was not the one who shut off the water supply. Roberson asked to speak with a "white shirt" but Moore left. Moore later returned to pass out lunch trays. When Moore delivered Roberson's tray, Roberson placed his hand through the chuckhole and asked to speak to a white shirt. Correctional Officer Ostlundmeiner heard the request and closed the

chuckhole door on Roberson's hand.  Roberson begged for Ostlundmeiner to release his hand but Ostlundmeiner applied more pressure and said, "who your daddy bitch, say sorry, and say you [won't] do it again."  While Roberson's hand was stuck in the chuckhole, Moore was banging, hitting, and kneeing it.  As a result, Roberson suffered multiple fractures, bruising, and bleeding.  Roberson asked for medical attention but the officers refused and walked away.  That afternoon, Morrison wrote something on Roberson's cell door informing all prison staff "to inflict hate" towards Roberson.  Morrison then refused Roberson a shower, dinner tray, and "probably mail."

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | |
|---|---|
| Count 6: | Eighth Amendment conditions of confinement claim against Morrison for refusing to serve Roberson his kosher tray, threatening Roberson, shutting off the water to his cell, not issuing Roberson his mail, denying him showers, and directing other staff to mistreat him. |
| Count 7: | Fourteenth Amendment due process claim against Morrison for depriving Roberson of his water supply and refusing to give him his kosher tray. |
| Count 8: | Eighth Amendment excessive force claim against Ostlundmeiner for closing Roberson's hand in the chuckhole door and against Moore for striking Roberson's hand while the chuckhole door was closed on it. |
| Count 9: | Eighth Amendment deliberate indifference to serious medical needs claim against Ostlundmeiner and Moore for denying Roberson medical treatment after his hand was injured in the chuckhole door. |
| Count 10: | Fourteenth Amendment due process claim against Ostlundmeiner and Moore for refusing to allow Roberson to talk with a white shirt when requested. |

## Discussion

### Count 6

Prison conditions that deprive inmates of basic human needs—food, medical care,

sanitation, or physical safety—may violate the Eighth Amendment. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Two elements are required to establish a constitutional violation. First, an inmate plaintiff must show that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second element requires the plaintiff to show a defendant's deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Id.* at 842. The allegations in the Complaint are sufficient to state a viable Eighth Amendment conditions of confinement claim against Morrison.

**Count 7**

Roberson also asserts a Fourteenth Amendment due process claim based on the same facts as the conditions of confinement claim in Count 6. Those allegations specifically implicate the protections afforded by the Eighth Amendment. The Supreme Court has held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim." *Albright v. Oliver,* 510 U.S. 266, 273 (1994). Because Roberson's claims are more appropriately analyzed under the Eighth Amendment, Count 7 will be dismissed.

**Count 8**

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018). The allegations in the Complaint are sufficient to proceed on an excessive force claim in Count 8 against Ostlundmeiner and Moore.

**Count 9**

Prison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a plaintiff must sufficiently allege that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* The allegations in the Complaint are sufficient to proceed on a deliberate indifference claim in Count 9 against Ostlundmeiner and Moore.

**Count 10**

To state a procedural due process claim under the Fourteenth Amendment, Roberson must allege that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The right to due process is triggered only when a protected interest is at stake. Roberson does not have a protected liberty interest in speaking to a white shirt. Accordingly, Count 10 will be dismissed.

**Official capacity claims**

Roberson alleges claims against each defendant in his or her individual and official capacities but seeks only monetary damages in his Complaint. When a plaintiff seeks monetary damages against a state official, he must bring the lawsuit against them in his or her individual capacity. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). A lawsuit for money damages against a defendant in his or her official capacity is really a suit for money damages against the state and is barred by the Eleventh Amendment. *Id.* Therefore, Roberson's claims against Defendants in their official capacities are dismissed without prejudice.

**Disposition**

The Complaint survives preliminary review under 28 U.S.C. § 1915A in part. Count 6 will proceed against Morrison. Counts 8 and 9 will proceed against Ostlundmeiner and Moore. Counts 7 and 10 are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Morrison, Ostlundmeiner and Moore: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the

costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  March 15, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer(s), but it is entirely possible that it will take **90 days** or more. When all Defendants have filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.